UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALDA MESON,

    Plaintiff,

v.                                                     Case No: 05-70351
                                                    Hon. Victoria A. Roberts

CIT TECHNOLOGIES CORPORATION and
CIT GROUP, INC.

    Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**I.  INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to Reconsider Order of February 17, 2006. For the following reasons, the Court **DENIES** the Motion.

**II.  BACKGROUND**

The background of this case is sufficiently set forth in the Court's Order Granting in part, and Denying in part, Defendant's Motion for Summary Judgment. [Doc. 28]. Among other things, in that Order the Court granted summary judgment in favor of CIT on Plaintiff's claim that she was discriminated against for the SVP position because she failed to establish a prima facie case. Plaintiff seeks reconsideration of that decision.

**III.  APPLICABLE LAW AND ANALYSIS**

Plaintiff's motion will not be granted because even if she correctly alleged

defects, she did not show that correcting the defects will result in a different disposition.

>    (g) Motions for Rehearing or Reconsideration.
>
> (1) Time.  A motion for rehearing or reconsideration must be filed within 10 days after entry of the judgment or order.
>
> (2) No Response and No Hearing Allowed.  No response to the motion and no oral argument are permitted unless the court orders otherwise.
>
> (3) Grounds.  Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  **The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.**

E.D. Mich. LR 7.1(g)(emphasis added).

### A.   Direct Evidence

Plaintiff claims she offered direct evidence of discrimination regarding the SVP position, which the Court failed to consider.  Plaintiff asserts that her testimony that she was not offered or pursued for the SVP position, while her two male co-workers allegedly were, is direct evidence of discrimination.  [Plaintiff's Motion, pp. 2-4].

Plaintiff fails to allege a defect because the referenced testimony is not direct evidence of discrimination.

> Direct evidence of discrimination is that evidence which, if believed, **requires** the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions.  Circumstantial evidence, on the other hand, is proof that does not on its face establish discriminatory animus, but does allow a factfinder to draw a reasonable inference that discrimination occurred.

*Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003)(citations

omitted)(emphasis added). "Rarely will there be direct evidence from the lips of the defendant proclaiming his or her [discriminatory] animus." *Robinson v. Runyon*, 149 F.3d 507, 513 (6th Cir. 1998). The rarity of direct evidence is why plaintiffs are allowed to prove cases through circumstantial and inferential proof. *Id*.

The testimony cited by Plaintiff is circumstantial. If believed, the testimony would require a finding that Plaintiff was treated differently than her male counterparts, but it does not **require** a finding that the difference in treatment was based on unlawful discrimination. CIT could have treated Plaintiff differently for any number of reasons, including performance, personality, etc. The testimony merely allows an inference that the treatment was based on Plaintiff's gender. Therefore, the Court appropriately considered the testimony as circumstantial evidence of discrimination and reconsideration is not necessary or appropriate.

### B. Prospective Application

Plaintiff argues the Court's reliance on *Hildebrandt v. Hyatt Corporation*, 154 Fed.Appx. 484 (6th Cir. 2005), was a defect because the case was decided after Plaintiff filed her motion for summary judgment. Additionally, she claims that because *Hildebrandt* announces a new rule not dictated by existing precedent, it can only be applied prospectively.

In considering Defendant's Motion for Summary Judgment, this Court found *Hildebrandt* instructive, but this Court relied on the *McDonnell Douglas* framework to determine if Plaintiff established a prima facie case. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). It requires the Plaintiff to introduce evidence to support a

finding that: (1) she was a member of the protected class; (2) she suffered an adverse employment action; (3) she was qualified for the position either lost or not gained; and (4) a person not of the protected class was selected over her.

This framework required Plaintiff to introduce evidence to support a finding that she was qualified for the SVP position. As noted in the Order, Plaintiff does not challenge that relocation to Michigan was a qualification for the SVP position, and there is ample evidence that it was a qualification. Nowhere in the evidence before the Court did Plaintiff allege she was willing to move to Michigan. By failing to do so, Plaintiff failed to establish a prima facie case.

Moreover, even if it was a defect for the Court to have considered *Hildebrandt* in deciding the motion for summary judgment - it was harmless error. As demonstrated by the discussion above, removing the two paragraphs of the Order which refer to *Hildebrandt* does not change the reasoning at all. The Court relied on existing precedent in making its ruling. Therefore, Plaintiff is not entitled to reconsideration.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration.

**IT IS SO ORDERED.**

                          s/Victoria A. Roberts
                          **Victoria A. Roberts**
                          **United States District Judge**

**Dated:  March 2, 2006**

**The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 2, 2006.**

**s/Linda Vertriest**
**Deputy Clerk**